OPINION
Appellant, Timothy Coan, appeals from his conviction and sentence on one count of aggravated possession of drugs, in violation of R.C. 2925.11, a felony of the third degree. The following facts are relevant to a determination of this appeal.
On March 19, 1997, at approximately 1:20 a.m., appellant was stopped by Trooper Chad Bass of the Ohio State Highway Patrol on State Route 2 in Painesville Township, Ohio, for traveling seventy m.p.h. in a sixty m.p.h. zone. Appellant was unable to present an operator's license and was, therefore, placed in the back seat of the trooper's car while a LEADS check was performed. Trooper Bass learned that the automobile belonged to appellant's mother and that appellant's driver's license had been suspended. Appellant was placed under arrest.
Trooper Bass asked appellant whether he would like the automobile left at the scene or towed. After some hesitation, appellant indicated that the car should be left there on State Route 2. While appellant waited, locked in the backseat of the trooper's vehicle, Trooper Bass moved appellant's mother's car further to the side of the road so that it would not pose a danger to motorists on State Route 2. While moving the vehicle, Trooper Bass noticed that appellant was moving around "excessively" in the back seat of the patrol car. Trooper Bass then performed a pat-down search of appellant which revealed rolling papers in appellant's coat pocket. A search of the rear seat of the police car uncovered what appeared to be a marijuana pipe stuck in the crevice of the seat. Trooper Bass testified that, pursuant to policy, he conducted a thorough search of his patrol car prior to beginning his shift. Appellant was handcuffed and placed in the back seat of Trooper Bass' cruiser. The trooper then proceeded to search the vehicle that appellant had been driving. Under the front passenger seat, Trooper Bass found one hundred fourteen grams of peyote, a controlled substance.
On May 23, 1997, appellant was indicted by the Lake County Grand Jury on one count of aggravated possession of drugs. On June 6, 1997, appellant entered a plea of not guilty. On June 16, 1997, appellant filed a motion to suppress the evidence obtained through the search of his mother's car. An evidential hearing was conducted on July 25, 1997. Trooper Bass was the sole witness to testify. On September 3, 1997, the trial court denied appellant's motion to suppress. Appellant filed a motion to reconsider the decision on September 22, 1997, which was denied on October 9, 1997.
Appellant entered a written plea of "no contest" on October 14, 1997. The trial court found appellant guilty on the following day, and on November 17, 1997, sentenced him to a term of one hundred twenty days in the Lake County Jail with work release, and to a term of probation. Appellant timely filed a notice of appeal with the following assignments of error:
 "1. The trial court erred to the prejudice of the defendant-appellant in holding that the warrantless search of his vehicle was permitted under the automobile exception to the warrant requirement.
 "2. The trial court erred to the prejudice of the defendant-appellant when it held that the evidence was admissible under the inevitable discovery doctrine."
In the first assignment of error, appellant contends that the trial court erred in holding that the warrantless search of the vehicle he was driving was permitted under the automobile exception to the warrant requirement. We disagree.
We start our analysis with the presumption that warrantless searches are per se unreasonable under the Fourth Amendment unless they fall into one of the few specifically established exceptions.Katz v. United States (1967), 389 U.S. 347, 357; State v. Smith
(1989), 45 Ohio St.3d 255, 260. A search must "be strictly circumscribed by the exigencies which justify its initiation."Terry v. Ohio (1968), 392 U.S. 1, 26. One of the exceptions to the search warrant requirement is the automobile exception.
The longstanding "automobile exception" to the Fourth Amendment's warrant requirement was established in Carroll v.United States (1925), 267 U.S. 132. United States v. Ross (1982),456 U.S. 798, 799-800. In Carroll, the Court upheld the warrantless search by law enforcement officers of an automobile transporting contraband liquor on the highway in violation of the Prohibition Act. The Court reasoned that such a search was not a violation of the Fourth Amendment since it was supported by probable cause that the vehicle contained illegal articles entitled to be seized. Carroll, 267 U.S. 132, 149. Fundamental to the Court's holding, was the determination that the mobility of a vehicle (now commonly referred to as an "exigent circumstance") would allow criminals to remove the evidence of a crime before police could obtain a valid search warrant. Id. at paragraph four of the syllabus.
Although the Carroll "automobile exception" continued in its original form for many years, the mobility or exigent circumstances component of the Court's reasoning has gradually eroded into nonexistence, though the exception is still often described in terms of exigency. Katz, Ohio Arrest, Search and Seizure (1998) 214, Section T 12.02. The case of Chambers v.Maroney (1970), 399 U.S. 42, represents a significant deviation from the Carroll formulation of what constitutes a valid warrantless search. In Maroney, the Court, again, upheld a warrantless automobile search by police officers. Id. at 51-52. However, although the Court framed its reasoning in strict accordance with Carroll, there were no exigent circumstances because the search occurred after the suspects had been placed under arrest and after the vehicle had been immobilized by having been towed to a police station. Thus, the warrantless search proceeded without the Carroll mobility exigency.
Indeed, three years after Maroney, the Supreme Court upheld the constitutionality of another warrantless search of a motor vehicle that had become disabled after crashing into a bridge abutment.Cady v. Dombrowski (1973), 413 U.S. 433, 450. In that case, the police arrested the defendant for drunken driving, ordered the car to be towed and stored at a private garage, and were under the belief that a revolver was contained in either the passenger compartment or the trunk. A few hours after being towed to the storage area, police officers made a warrantless search of the vehicle and found bloodied items in the trunk. The bloodstained objects were later used to convict the defendant of murder. Although the actual search in Dombrowski may appropriately be characterized as an inventory one, certain language utilized by that court is pertinent. In affirming the conviction, the Court wrote:
 "Although the original justification advanced for treating automobiles differently from houses, insofar as warrantless searches of automobiles by federal officers was concerned, was the vagrant and mobile nature of the former, * * * warrantless searches of vehicles by state officers have been sustained in cases in which the possibilities of the vehicle's being removed or evidence in it destroyed were remote, if not nonexistent." Id. at 441-442. (Emphasis added.)
 The fading away of the exigent circumstances element to the automobile exception was intimated in Dombrowski
and reaffirmed nine years later in the case of Ross. In Ross, a warrantless search of a car trunk was permitted because the police had probable cause to believe contraband was contained in it, despite the fact that the defendant had been arrested and the vehicle was immobilized at police headquarters. See, generally, Ross, 456 U.S. 798.
In the present case, it is clear that the initial search of appellant which produced the rolling papers was permissible as a search incident to a lawful arrest. Appellant had been arrested for driving under suspension and, accordingly, was to be transported to police station in the back of Trooper Bass' patrol car. This, coupled with the furtive movements witnessed by Trooper Bass, justified the initial search of appellant in addition to the search of the back seat. See State v. Corrado
(Feb. 20, 1998), Lake App. No. 96-L-104, unreported.
Once the initial search produced the rolling papers and, subsequently, the marijuana pipe, pursuant to Ross, Trooper Bass then had independent probable cause to search the mother's car. Trooper Bass observed appellant's suspicious movements in the back seat of his police cruiser and subsequently discovered the rolling papers and marijuana pipe. These objective facts gave Trooper Bass probable cause to believe that appellant's vehicle contained evidence of criminal activity. At that point in time, Trooper Bass properly conducted a search of the mother's vehicle.
Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred when it held that the evidence was admissible under the inevitable discovery doctrine. In overruling appellant's motion to suppress, the trial court stated that, in addition to being a valid search based upon the automobile exception, the contraband would have inevitably been discovered after the car had been impounded and inventoried pursuant to appellant's arrest.
The State of Ohio concedes that this portion of the trial court's judgment was in error as the vehicle was not impounded by the Highway Patrol and, therefore, an inventory search would never have been performed. However, since this was just one of two grounds upon which the trial court based its decision to overrule appellant's motion to suppress, this error has no effect on the outcome reached by the trial court.
Similarly, while this assignment of error is well-taken, it has no effect on the outcome of this appeal.
Based upon the foregoing analysis, the judgment of the trial court is hereby affirmed.
FORD, P.J., CHRISTLEY, J., concur.